UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

WALTER HIMMELREICH,
    Petitioner,

v.

WARDEN FCI DANBURY, et al.,
    Defendants.

No. 3:14-cv-930 (SRU)

### RULING AND ORDER ON PETITIONER'S MOTIONS FOR WRIT OF HABEAS CORPUS, TEMPORARY RESTRAINING ORDER, LEAVE TO PROCEED IN FORMA PAUPERIS, AND WRIT OF PRAECIPE

The petitioner, Walter Himmelreich, currently confined at FCI Danbury, has filed a petition for writ of habeas corpus challenging conduct by prison officials at FCI Elkton and also challenging his 2006 federal conviction and sentence imposed on him by a federal judge in the United States District Court for the Middle District of Pennsylvania. For the following reasons, his motions are **dismissed**, and his petition challenging his federal conviction is **dismissed without prejudice** to filing an application for leave to file a successive petition with the U.S. Court of Appeals for the Third Circuit.

I.    **Application to Proceed *In Forma Pauperis*** (doc. 2)

The petitioner paid the filing fee on July 21, 2014, with his pleadings. Accordingly, the application to proceed *in forma pauperis* is denied as moot.

II.    **Motions for Temporary Restraining Order, for Ruling on Motion, and to hold Motion for Temporary Restraining Order in Abeyance** (docs. 4, 6, 7)

The petitioner states that prison officials at FCI Elkton transferred him to FCI Danbury on April 29, 2014. He contends that FCI Elkton officials plan to destroy some of his boxes of

legal materials instead of mailing them to him at FCI Danbury. The petitioner claims that he needs some of those legal materials to litigate an appeal of a *Bivens*/Federal Tort Claims Act case in the United States Court of Appeals for the Sixth Circuit. *See Himmelreich v. Fed. Bureau of Prisons*, No. 13-4212 (6th Cir. filed Oct. 11, 2013). After seeking an order directing FCI Elkton officials not to destroy his documents and to transfer them to him at FCI Danbury (docs. 4, 6), the petitioner filed a motion seeking to hold his motion for a temporary restraining order in abeyance until an evidentiary hearing is held on his First Amendment case pending before the Sixth Circuit (doc. 7). The petitioner additionally informed this court that he had received his documents but had not determined if any materials in those boxes had been destroyed (doc. 7). Although the petitioner has titled his motion as a motion for a temporary restraining order, he seeks permanent injunctive relief.

The prison officials at FCI Elkton are not the respondents to this habeas petition, and the U.S. District Court for the District of Connecticut does not have personal jurisdiction over them. Thus, the court cannot enjoin their actions. The court must have *in personam* jurisdiction over a person before it can validly enter an injunction against him or her. *In re Rationis Enters., Inc. of Pan.*, 261 F.3d 264, 270 (2d Cir. 2001) ("A court may not grant a final, or even an interlocutory, injunction over a party over whom it does not have personal jurisdiction.") (citation omitted); 11A Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2956, at 335 (2d ed. 2001) ("A court ordinarily does not have power to issue an order against a person who is not a party and over whom it has not acquired in personam jurisdiction."); Fed. R. Civ. P. 65(d) (providing, in part, that "[e]very order granting an injunction . . . is binding only upon the parties to the action").

Further, because the petitioner has indicated that he received his files, his request for an injunction is moot. Even if he determines he has ongoing claims against officials at FCI Elkton with respect to the transfer of his legal files to FCI Danbury, this Court lacks personal jurisdiction to grant any such relief. Dismissal of the petitioner's motion for a temporary restraining order for lack of personal jurisdiction will not prejudice the petitioner, because he filed a motion for a temporary restraining order in the Northern District of Ohio case from which he appealed to the Sixth Circuit. *See Himmelreich v. Fed. Bureau of Prisons*, No. 4:10-cv-24, Order *denying* Mot. TRO & Prelim. Inj. (JRA) (N.D. Ohio Aug. 27, 2014) (margin entry) (doc. 67). In June, July and August 2014, the petitioner filed a motion for extension of time and four letters informing the Sixth Circuit of the difficulties he was having getting all of his legal documents from FCI Elkton. *See Himmelreich v. Fed. Bureau of Prisons*, No. 13-4212 (6th Cir.) (docs. 23–27). Because the petitioner is already litigating his claim for injunctive relief against the parties he claims are about to harm him in a forum that retains personal jurisdiction over the parties in interest, and because this Court has no authority to grant relief against the officials at FCI Elkton, the petitioner's motion for a temporary restraining order (doc. 4) and writ (doc. 6) are denied. The petitioner's request that his motion for a temporary restraining order be held in abeyance (doc. 7) is denied as moot. Himmelreich's section 2241 petition is dismissed without prejudice to his pending litigation in the Northern District of Ohio and Sixth Circuit.

### III.     Petition for Writ of Habeas Corpus (doc. 1)

Himmelreich previously submitted petitions for a writ of habeas corpus in the Middle District of Pennsylvania, Northern District of Ohio, and Court of Appeals for the Third and Sixth Circuits. *See Himmelreich v. United States*, No. 09-cv-620 (YK), 2010 WL 4181450 (M.D. Pa.

Oct. 20, 2010) (denying section 2255 petition), *aff'd*, 363 F. App'x 175 (3d Cir.) (per curiam), *cert. denied*, 131 S. Ct. 240 (2010); Order *denying* Certificate of Appealability, *United States v. Himmelreich*, No. 10-4720 (3d Cir. July 21, 2011) (summary order); Order *denying* App. for Leave to File Successive § 2255 Petition, In Re: *Walter J. Himmelreich*, No. 13-1133 (3d Cir. Mar. 12, 2013) (doc. 4), *reh'g denied*, No. 13-1133 (3d Cir. Apr. 10, 2013); *see also* Mem. of Decision & Order, *Himmelreich v. Shartle*, No. 4:08-cv-1306 (JG) (N.D. Ohio June 18, 2008) (doc. 6) (denying section 2241 Petition), *aff'd*, No. 08-4193 (6th Cir. June 2, 2011); Mem. & Order, *Himmelreich v. Shartle*, No. 4:09-cv-560 (JG) (N.D. Ohio May 12, 2009) (doc. 10) (denying second section 2241 Petition).  Those petitions have all been adjudicated on the merits.  This Court has no power to entertain a successive section 2255 petition unless the appropriate court of appeals has authorized the filing of that petition in the district court.  28 U.S.C. §§ 2244, 2255(h); *Liriano v. United States*, 95 F.3d 119, 123 (2d Cir. 1996).

Because Himmelreich has previously filed two petitions seeking habeas corpus relief pursuant to 28 U.S.C. § 2255 and has failed to provide any evidence that he filed a motion with the Third Circuit authorizing this Court to consider his application, his petition is dismissed without prejudice to filing an application for leave to file a successive petition with the U.S. Court of Appeals for the Third Circuit.

**IV.    Conclusion**

The Application to Proceed *In Forma Pauperis* (doc. 2) is **DENIED** as moot.  The Motion for Temporary Restraining Order (doc. 4) and Motion for Writ of Praecipe (doc. 6) seeking a ruling on the motion for temporary restraining order are **DENIED**.  The Motion to Hold in Abeyance Himmelreich's Motion for a Temporary Restraining Order (doc. 7) is

**DENIED** as moot.  Himmelreich's section 2241 petition is dismissed without prejudice to his pending litigation in the Northern District of Ohio and Sixth Circuit, and his section 2255 petition is dismissed without prejudice to filing an application for leave to file a successive petition with the U.S. Court of Appeals for the Third Circuit.  The Clerk is directed to close this case.

It is so ordered.

Dated at Bridgeport, Connecticut, this 6th day of November 2014.

    /s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge